IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>    v.<br><br>LINGAPPA AMARCHAND,<br>GABRIELA AMARCHAND,<br>DANIEL ALBA JR.,<br>UNITED WHOLESALE<br>MORTGAGE, LLC<br>FIGURE LENDING, LLC, and<br>HERNANDO COUNTY TAX<br>COLLECTOR,<br><br>    Defendants. | Case No. 8:25-cv-779 |

## COMPLAINT

1. The United States brings this action to foreclose the federal tax liens that attach to the real property located at 5228 Golf Club Ln., Spring Hill, FL 34609 ("Subject Property") that is beneficially owned by Lingappa Amarchand ("Mr. Amarchand"), but titled in the name of Gabriela Amarchand ("Ms. Amarchand") as his nominee.

2. This action is authorized and requested by a delegate of the Secretary of the Treasury and is brought at the direction of the Attorney General of the United States. 26 U.S.C. §§ 7401, 7403.

## JURISDICTION AND VENUE

3. This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1340, 1345 and 26 U.S.C §§ 7402(a), 7403(a).

4. Venue is proper pursuant to 28 U.S.C. §§ 1391(b), 1396 because the tax liabilities at issue accrued in this district and the Subject Property at issue in this suit is located within this district.

## DEFENDANTS AND SUBJECT PROPERTY

5. Defendant Lingappa Amarchand is a judgment debtor of the United States due to his failure to pay federal income tax liabilities for the 2008, 2014, 2017, 2018 and 2019 tax years. On May 26, 2023, the United States obtained a judgment against Mr. Amarchand for outstanding federal income tax liabilities totaling $1,040,413.20, plus interest. *See United States of America v. Lingappa Amarchand*, Case No. 8:22-cv-2778-KKM-SPF (ECF 14).

6. Defendant Gabriela Amarchand is the daughter of Mr. Amarchand. On May 25, 2012, Ms. Amarchand acquired bare legal title to the Subject Property as Mr. Amarchand's nominee.

7. Defendant Daniel Alba Jr. is Mr. Amarchand's son-in-law. Mr. Alba is joined as a party pursuant to 26 U.S.C. § 7403(b) as a person who has or may claim an interest in the Subject Property by virtue of his co-signing a

home equity line of credit on the Subject Property held by Figure Lending, LLC ("Figure").

8. Defendant United Wholesale Mortgage, LLC ("UWM") holds a mortgage lien against the Subject Property. UWM is joined as a party pursuant to 26 U.S.C. § 7403(b) as an entity that has or may claim an interest in any property subject to this suit.

9. Defendant Figure holds a Home Equity Line of Credit lien against the Subject Property. Figure is joined as a party pursuant to 26 U.S.C. § 7403(b) as an entity that has or may claim an interest in any property subject to this suit.

10. The Hernando County Tax Collector ("HCTC") is a governmental entity established in Hernando County, FL to collect state and local taxes. HCTC is joined as a party pursuant to 26 U.S.C. § 7403(b) as an entity that has or may claim an interest in the property subject to this suit.

11. Ms. Amarchand holds bare legal title to the Subject Property located at 5228 Golf Club Ln., Spring Hill, FL 34609. The legal description of the Subject Property is:

> Lot 1, Silverthorn Phase 2A, according to the plat thereof, recorded in Plat Book 30, Page(s) 41 through 43, of the Public Records of Hernando County, Florida.

## COUNT I – DECLARATORY JUDGMENT THAT GABRIELA AMARCHAND HOLDS BARE LEGAL TITLE TO THE SUBJECT PROPERTY AS LINGAPPA AMARCHAND'S NOMINEE
(Against Mr. Amarchand & Ms. Amarchand)

12. The United States reasserts the allegation contained in paragraphs 1-11.

13. On February 16, 2012, Ms. Amarchand, who was 19 then, applied for a mortgage on the Subject Property with Flagstar Bank ("Flagstar"). Ms. Amarchand's Flagstar mortgage application disclosed a monthly income of $3,833 per month, or approximately $46,000 annually.

14. Ms. Amarchand's Flagstar mortgage application further stated that she was employed as a System's Manager at Hernando Family Practice Center ("HFPC") for the past 2 years and 3 months. An administrator at HFPC verified the employment verification form submitted with the application.

15. Ms. Amarchand's Flagstar mortgage application was also accompanied by a purported gift of $8,500 from Mr. Amarchand. The funds provided by Mr. Amarchand covered the down payment for the Subject Property.

16. On May 25, 2012, Ms. Amarchand closed on the Subject Property.

17. Post-closing, the U.S. Department of Housing and Urban Development ("HUD") audited Ms. Amarchand's Flagstar mortgage

4

application. HUD sent a letter to Flagstar detailing its finding from the audit. HUD's audit focused on misstatements and concealed information concerning Ms. Amarchand's employment history and income.

18. Regarding Ms. Amarchand's employment history, the audit revealed that HFPC was owned and operated by Mr. Amarchand. Mr. Amarchand's ownership interest in HFPC was never disclosed to Flagstar. Had Ms. Amarchand disclosed this information, additional scrutiny would have been applied to her Flagstar mortgage application.

19. The audit also revealed that the Ms. Amarchand's paystubs from her purported position at HFPC lacked key information including year-to-date earnings and deductions. Based on this fact, the audit concluded that Ms. Amarchand never worked for HFPC.

20. Along with her Flagstar mortgage application, Ms. Amarchand authorized Flagstar to obtain her tax transcripts from the IRS for the 2009 and 2010 tax years. The IRS responded that no such tax records existed which indicates that Ms. Amarchand did not file income tax returns for those tax years despite listing on her mortgage application that she worked for HFPC during those tax years.

21. Ms. Amarchand did not file returns for the 2011 and 2012 tax years despite reporting substantial income on from her position at HFPC on her Flagstar mortgage application.

22. Without Ms. Amarchand's and HFPC's misrepresentations and concealment of relevant facts it is likely that Ms. Amarchand's mortgage application would never have been approved.

23. On August 20, 2020, Ms. Amarchand submitted a refinance application with UWM. Despite stating that the Subject Property was her primary residence, Ms. Amarchand's bank records and tax records submitted with the refinance application show that she was residing in the Atlanta, GA area. But Mr. Amarchand has resided at the Subject Property since the purchase in 2012.

24. The mortgage and refinance applications show that the Subject Property was acquired for the benefit of Mr. Amarchand.

25. Mr. Amarchand executed a straw purchaser scheme with Ms. Amarchand to avoid the collection of his outstanding 2008 federal tax liabilities, which totaled over $500,000, and he continued to accrue an additional $500,000 in federal tax liabilities since the purchase of the Subject Property.

26. Ms. Amarchand holds bare legal title to the Subject Property as Mr. Amarchand's nominee. The facts showing Mr. Amarchand's true and beneficial ownership of the Subject Property include:

    a. Mr. Amarchand exercises dominion and control over the Subject Property. He has resided at the Subject Property since it was

6

      acquired in 2012, while Ms. Amarchand has had various other residences.

b.    A close relationship exists between the Amarchands as Mr. Amarchand is Ms. Amarchand's father.

c.    Mr. Amarchand provided Ms. Amarchand with the funds for the down payment on the Subject Property.

d.    Mr. Amarchand is the source of funds for the payment of all expenses of the Subject Property.

e.    The Subject Property was placed in Ms. Amarchand's name in anticipation of collection of Mr. Amarchand's unpaid tax liability for 2008.

### COUNT II – FORECLOSURE OF THE TAX LIEN
(Against all Defendants)

27.    The United States incorporates by reference paragraphs 1-26.

28.    The United States has valid and enforceable federal tax liens against Mr. Amarchand that attach to all his property and rights to property, including the Subject Property that is titled in the name of his nominee.

29.    Federal tax liens arise upon assessment and attach to all a taxpayer's property and rights to property, including property titled in the name of a nominee.

30. A delegate of the Secretary of the Treasury assessed federal income tax against Mr. Amarchand on the following dates and in the following amounts:

| Tax Year | Assessment Date | Tax | Interest | Penalties |
|---|---|---|---|---|
| 2008 | 03/20/2010 | $301,898.45 | $60,420.50 | $60,420.50 |
| 2014 | 07/11/2016 | $46,969.37 | $15,682.14 | $9,591.24 |
| 2017 | 01/07/2019 | $99,233.00 | $8,653.85 | $11,781.14 |
| 2018 | 08/05/2019 | $42,454.00 | $1,224.95 | $1,859.96 |
| 2019 | 03/02/2021 | $114,706.00 | $2,149.95 | $4,535.60 |

31. The IRS gave Mr. Amarchand notice of the assessments and made demands for payment as required by law. Mr. Amarchand failed to pay in full the assessments against him.

32. Federal tax liens arose upon assessment of the taxes described in paragraph 30, above, and attached to all of Mr. Amarchand's property and rights to property, including any property held by nominees.

33. The IRS recorded Notices of Federal Tax Lien against Mr. Amarchand in the public records of Hernando County, Florida on the following dates:

| TAX YEAR | FILING DATE | BOOK/PAGE |
|---|---|---|

| | | |
|---|---|---|
| 2008 | 08/30/2010 | 2765/1469 |
| 2014 | 08/22/2016 | 3388/1968 |
| 2017 | 3/5/2020 | 3814/1360 |
| 2018 | 3/5/2020 | 3814/1360 |
| 2019 | 04/20/2021 | 3984/995 |

34. To collect Mr. Amarchand's unpaid taxes, the United States reduced the assessments against him to judgment. *See United States of America v. Lingappa Amarchand*, Case No. 8:22-cv-2778-KKM-SPF (ECF 14). The judgment against Mr. Amarchand extends the time in which the United States can collect his unpaid tax liabilities.

35. The United States recorded an abstract of judgment against Mr. Amarchand in the public records of Hernando County, Florida on July 6, 2023 at Book 4317, Page 1526.

36. Mr. Amarchand has not made any payment toward the judgment against him.

37. On February 26, 2025, the IRS recorded a Notice of Federal Tax Lien in the public records of Hernando County, Florida, against Ms. Amarchand as the nominee of Mr. Amarchand. The nominee lien states that "THIS IS A SPECIFIC LIEN ATTACHING ONLY TO THE PROPERTY

9

DESCRIBED BELOW. PHYSICAL ADDRESS: 5228 GOLF CLUB LANE, SPRING HILL, FLORIDA 34609[.]"

38.  As alleged in Count I, Ms. Amarchand holds bare legal title to the Subject Property as the nominee of Mr. Amarchand. The federal tax liens against Mr. Amarchand attach to his true and beneficial interest in the Subject Property.

39.  The federal tax liens against Mr. Amarchand should be foreclosed, and the Subject Property sold pursuant to 26 U.S.C. § 7403(c).

WHEREFORE, the United States respectfully requests that the Court:

A.  Determine that Gabriela Amarchand holds bare legal title to the Subject Property as the nominee Lingappa Amarchand;

B.  Determine that the federal tax liens against Mr. Amarchand attach to his true and beneficial interest in the Subject Property;

C.  Order that the tax liens be foreclosed; that the Subject Property be sold according to law, free and clear of the liens and claims of all parties herein; and that the proceeds of the sale be distributed in accordance with the determination of the Court with respect to the validity and priority of all liens and claims upon the Subject Property; and

D.  Grant any other relief that is just and proper, including costs of this action.

Dated: March 31, 2025　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　By:　/s/ *Nicholas S. Willingham*
　　　　　　　　　　　　　　　　　NICHOLAS S. WILLINGHAM
　　　　　　　　　　　　　　　　　Lead Counsel for the United States
　　　　　　　　　　　　　　　　　D.C. Bar No. 1656972
　　　　　　　　　　　　　　　　　U.S. Department of Justice
　　　　　　　　　　　　　　　　　Trial Attorney, Tax Division
　　　　　　　　　　　　　　　　　P.O. Box 14198
　　　　　　　　　　　　　　　　　Washington, D.C. 20044
　　　　　　　　　　　　　　　　　Telephone: (202) 307–6445
　　　　　　　　　　　　　　　　　Facsimile: (202) 514–4963
　　　　　　　　　　　　　　　　　Nicholas.Willingham@usdoj.gov

## CERTIFICATE OF COMPLIANCE

I certify that this document was typed in 13-point Century Schoolbook font in compliance with this Court's local rules.

　　　　　　　　　　　　　　　　　*/s/ Nicholas S. Willingham*
　　　　　　　　　　　　　　　　　NICHOLAS S. Willingham
　　　　　　　　　　　　　　　　　Trial Attorney, Tax Division
　　　　　　　　　　　　　　　　　U.S. Department of Justice